## HELLER vs. MAYOR, ALDERMEN, &c., OF MOBILE.

[APPEAL FROM JUDGMENT OF CONVICTION IN CITY COURT OF MOBILE ON APPEAL FOR VIOLATING AN ORDINANCE OF THE CITY OF MOBILE.]

1. *Ordinance No. 50 of the city of Mobile, construed.*—Under ordinance No. 50 of the city of Mobile, a green grocer, doing business in said city, has no right to use his own cart to deliver meat to his customers within the city limits, without first obtaining a license for the same from the corporate authorities. The fact that no charge is made for the delivery, does not alter the case.

APPEAL from the Circuit Court of Mobile.
Tried before Hon. JOHN ELLIOTT.

The opinion states the case.

ALEXANDER MCKINSTRY, for appellant.

R. & O. J. SEMMES, *contra.*

PETERS, J.—The appellant, Heller, was prosecuted in the mayor's court of the city of Mobile for a violation of ordinance numbered 50 of the by-laws of the corporate authorities of that city, and convicted and fined twenty-five dollars. From this judgment he appealed to the circuit court of Mobile, where there was a new trial on the same issue, and he was again convicted, and judgment for twenty-five dollars and costs was rendered against him. From this latter judgment he brings his case to this court by appeal, and here assigns the judgment of the circuit court for error.

A person who makes his residence in an incorporated city consents to be bound by its laws, so far as they are legal enactments. The act of the general assembly of this State incorporating the city of Mobile, among other things, clothes the corporation with "full power and authority" "for regulating hackney-coaches, carriages, wagons, carts, drays, and for licensing the same."—Pamph. Acts 1865–66, p. 212, § 30. And also "to pass all such resolutions, by-laws and ordinances" as the city authorities "may deem requisite and necessary for the good government of the said city, not contrary to the laws of the State of Alabama." *Ib.* p. 214. Under the power thus given the city government passed an ordinance in the following language, to-wit:

"*Be it ordained,* That the owner of each and every dray, cart or wagon, kept for hire or employed in hauling, or *used for any purpose* within the limits of the city, shall obtain a license to run such dray, cart or wagon, to be issued by the mayor under the seal of the corporation and countersigned by the clerk, and shall give such bond and pay such sum for said license *per annum* as the corporate authorities may from time to time determine. This ordinance shall not extend or apply to wagons and carts employed in hauling for the owner the products of his farm, and wagons and carts used for private family use, where no money is

received, nor to carts employed solely in the service of the city."—City Ordinances, § 50.

The proof shows that the appellant was a "green grocer" in the city of Mobile, and that he used a cart in his business as such grocer to haul his meat from his slaughter-house, (which is not shown to be beyond the city limits on his farm,) and to deliver his meat to his customers in the city. It also appears that no charge was made for the cartage thus rendered. Very clearly the cart thus used comes within the precise words of the ordinance above quoted, and it can not escape under either of the exceptions. It was a cart used and employed in hauling within the city limits for a purpose not exempted from license, and the appellant had obtained no license to use it within the city. This was a violation of the ordinance. It is equally certain that the city corporation had the authority to pass and enforce such an ordinance.

The judgment of the court below is therefore affirmed.